UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL ULLOU,<br><br>            Plaintiff,<br><br>     v.<br><br>A. TEICHERT & SON, INC.,<br><br>            Defendant. | No.  2:24-cv-3172-DAD-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned. ECF No. 1. Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1).

The motion to proceed IFP, ECF No. 2, will be granted. However, in screening Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint fails to state a claim. As explained below, Plaintiff should be granted leave to amend his claim under Title VII of the Civil Rights Act of 1964.

**I.      LEGAL STANDARD**

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to

1

pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.   COMPLAINT AND MOTION

Plaintiff brings this "civil rights" and "employment" action based on federal question jurisdiction. ECF No. 1 at 3-4. The Complaint alleges that Plaintiff was demoted and later terminated from his 20-year employment as a "lead man" with Defendant due to a medical condition stemming from prolonged heat exposure and recurring heat stress through his job. *Id.* at 5-6. It further alleges that this termination has jeopardized his income, benefits, future job prospects, and retirement. *Id.* Plaintiff seeks $500,000 in damages. *Id.* at 5.

Plaintiff's IFP application asserts $48,800 in annual gross wages per year, $7,300 in checking or savings accounts, a house valued at $500,000, and three vehicles with a total value of $14,000. ECF No. 2 at 1-2. Plaintiff has a small sandblasting business that supplemented his income by $9,000 last year, but he does not know if it will yield the same revenue this year because the business is volatile. *Id.* at 1. Plaintiff is still paying $4,000 monthly between his mortgage and other bills. *Id.* at 2. He supports his wife and two children but fails to specify the amount of such support or other expenses. *Id.*

## III.   ANALYSIS

Plaintiff's IFP application asserts a guaranteed income of $48,800 per year, with an additional $9,000 if revenue from his side business matches last year. *Id.* at 1. Although information about his expenses could be more detailed, Plaintiff's mortgage and bills account for $48,000 in annual expenses. *Id.* at 2. Plaintiff's likely monthly income exceeds this by less than

3

$1,000. Plaintiff has demonstrated that he currently does not have the resources to pay filing fees in this action. *See* 28 U.S.C. § 1915(a)(1). Leave to proceed *in forma pauperis* is granted.

The alleged facts, however, fail to state a claim for employment discrimination under federal law. Title VII prohibits the discharge of any employee based on race, color, religion, sex, or national origin. 42 U.S. Code § 2000e-2(a)(1). Plaintiff only alleges that his termination was based on a medical condition. ECF No. 1 at 5-6. This does not provide a basis for a claim under Title VII.

The Court acknowledges, however, that Plaintiff may be able to articulate additional facts about his termination and employment. It therefore recommends that Plaintiff be granted leave to amend his Complaint to articulate a cognizable claim for employment discrimination.

### IV.   AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named Defendant *and* allege facts to support *each* individual claim.

Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended

4

complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.   PRO SE PLAINTIFF SUMMARY

The magistrate judge is granting your motion to proceed *in forma pauperis*, without paying the requisite filing fees, be granted. Upon screening the Complaint, however, the undersigned finds the Complaint factually deficient insofar as it alleges discrimination based on medical condition or disability, which is not actionable under federal law. Failure to amend the Complaint to explain why the discrimination you faced entitles you to relief will result in dismissal of this action.

## VI.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED; and
2. Should Plaintiff wish to continue to pursue this action, he file a First Amended Complaint within 30 days of the date of this order.

DATED: May 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5