UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL ULLOU,

      Plaintiff,

      v.

A. TEICHERT & SON, INC.,

      Defendant.

No.  2:24-cv-3172-DAD-SCR

ORDER

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned.  ECF No. 1.  Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"), which was granted.  ECF No. 3 at 5.  On May 14, 2025, the undersigned issued a screening order pursuant to 28 U.S.C. § 1915, which concluded that the Complaint failed to state a claim under Title VII of the Civil Rights Act of 1964.  *Id.* at 3-4.  Plaintiff was therefore ordered to amend his Complaint within 30 days to cure the defect identified in the order.  *Id.* at 5.

Plaintiff filed a First Amended Complaint ("FAC") with more factual allegations.  ECF No. 4.  Although these additional facts do not cure the defect in Plaintiff's Title VII claim, they do suggest that Plaintiff may be able to state a claim under the Age Discrimination in Employment Act ("ADEA").  Plaintiff shall have leave to amend his complaint to assert such claims.

////

1

## I.   LEGAL STANDARD

As explained in the Court's earlier screening order (ECF No. 3), the federal IFP statute requires courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all the factual allegations contained in the complaint, unless they are clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the plaintiff; and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.    FIRST AMENDED COMPLAINT

The FAC alleges that until the events articulated therein, Plaintiff was the "leadman" in Ely Montano's crew on a project for his employer, Defendant A. Teichert & Sons, Inc.  ECF No. 4 at 2, 7.  As a leadman, he had a company truck and his salary was based on a different pay scale than others.  *Id.* at 7.  Plaintiff had previously been sent home when not feeling well or suffering from heatstroke, and his superintendent Andrew Rivas had told him to ask his foreman for leave to go home if that happened.  *Id.* at 8.  Montano then began making derogatory comments about this in front of the rest of the crew.  *Id.*  The most recent example was on June 8, 2022, when Montano said, "The temperature is going to get to 85 degrees today, are you going to make it the entire day or is my thermostat out?" *Id.*  This caused the entire crew to laugh at Plaintiff.  *Id.*

On October 3, 2022, Montano told Plaintiff that "Billy" was replacing him as leadman. *Id.* at 7.  He resisted Plaintiff's requests for a reason before asserting that Plaintiff's age and health problems were making it impossible for him to keep up with the job requirements.  *Id.*  When Plaintiff asked Rivas why Montano was replacing him as leadman, Rivas explained that Montano wanted to try someone else in that position.  *Id.*  Rivas added that Plaintiff had previously mentioned having conflicts with Montano, and that Plaintiff had taken days off for health reasons.  *Id.*

Plaintiff then talked to James de Alba, Rivas and Montano's overseer, and told him

everything Montano had said. *Id.* De Alba agreed to look into it and asked Plaintiff to meet him in his office the next day. *Id.* During their October 4 meeting, de Alba asked what Plaintiff wanted, to which Plaintiff responded he wanted to remain a leadman. *Id*. at 8. When asked if he would be open to working as a laborer, Plaintiff refused because it had taken him 21 years to work his way to a leadman position. *Id.* De Alba said he would see if other foremen needed a leadman, but he had not found any such openings when Plaintiff checked on October 5. *Id.* Plaintiff was outright fired at some unspecified later date. *Id.* at 6.

Plaintiff argues that the demotion and termination after 20 years of service, based solely on how working conditions aggravated his medical conditions, has jeopardized his income, benefits, ability to serve his labor union, and future job prospects. *Id.* at 6. The FAC therefore seeks $500,000 in damages. *Id.* at 5.

### III.    ANALYSIS

The FAC cites "Civil Rights" and "employment" as the basis for federal question jurisdiction. ECF No. 4. When combined with the allegation that he was harassed, demoted, and eventually fired due to his medical conditions, this suggests that the FAC seeks to bring the same claim under Title VII as his initial Complaint. *See* ECF No. 1.

Title VII prohibits the discharge of any employee based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The Court previously explained that termination based on a medical condition alone cannot justify a claim under Title VII. ECF No. 3 at 4. The FAC primarily repeats this allegation, with the added detail that Montano linked Plaintiff's demotion to fact that he was "getting old". ECF No. 4 at 7. Age, however, is also not a protected class under Title VII. Plaintiff's claim again fails for lack of a basis to find the adverse employment actions discriminatory under federal law.

Plaintiff could, however, use the same facts to articulate a claim under the ADEA. This act prohibits employers from firing or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). A *prima facie* case for an ADEA claim requires showing that the plaintiff was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and

(4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz v. Eagle Produce, Ltd.,* 521 F.3d 1201, 1207 (9th Cir.2008) (quoting *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1281 (9th Cir. 2000)).  Plaintiff has alleged that Montano admitted to replacing him as leadman specifically due to his age and accompanying health problems.  ECF No. 4 at 7.  The FAC therefore implies that the "Billy" who replaced him was far younger, despite not directly asserting it.  *Id.*

The FAC further suggests that the decision to subsequently terminate Plaintiff (*Id.* at 6) was also based on his age and accompanying health conditions.  If Plaintiff was instead fired for reporting Montano's decision to Rivas and de Alba (*Id.* at 7-8), Plaintiff may state a claim for retaliation under the ADEA, which prohibits discrimination against an employee for opposing any practice prohibited thereunder.  *See* 29 U.S.C. § 623(d).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar*, 698 F.3d at 1213.  That the FAC failed to address the deficiency outlined in the Court's previous order renders it unlikely that further amendment would salvage his Title VII claim. Plaintiff may, however, amend the pleadings to assert claims under the ADEA, both for age-based discrimination based on being replaced as leadman and for retaliation based on being fired. Leave to amend is granted as to claims under the ADEA.

## IV.    AMENDING THE COMPLAINT

If Plaintiff chooses to amend the FAC, the Second Amended Complaint ("SAC") must contain a short and plain statement of Plaintiff's claims.  The allegations of the SAC must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the SAC.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  Forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The SAC must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The SAC should contain specific allegations as to the actions of each named Defendant *and* allege facts to support *each* individual claim.

Also, the SAC must not refer to a prior pleading to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.    PRO SE PLAINTIFF SUMMARY

Upon screening your First Amended Complaint, the undersigned has determined that it failed to resolve the issues previously identified in your original Complaint. Specifically, you fail to identify any facts suggesting that your demotion and termination was based on anything other than your advanced age. This is not a basis for discrimination under Title VII of the Civil Rights Act of 1964, and leave to amend the complaint further is denied as to such a claim.

At the same time, demoting and terminating you due to your age could support a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. You have 30 days from entry of this order to amend your complaint, indicating whether you now seek relief under the ADEA. Such Second Amended Complaint ("SAC") should also include any facts you think support such a claim, including details about the person who replaced you as leadman and the circumstances surrounding your termination. Failure to so amend your FAC will result in the undersigned recommending dismissal of this action.

///

### VI.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that should Plaintiff wish to continue to pursue this action under the ADEA, he file a Second Amended Complaint within 30 days of the date of this order.

DATED: May 8, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE